

**21-CI-00271**

## SUMMERS, LUANN VS. RELIANCE STANDARD LIFE INSURANCE COMPANY

**NELSON CIRCUIT COURT**

Filed on **06/11/2021** as **CONTRACT - OTHER** with **HON. CHARLES C. SIMMS, III**

**** NOT AN OFFICIAL COURT RECORD ****

| Case Memo | 21-CI-00271 |
|---|---|
| *CONTRACT-OTHER* | |

| Parties | 21-CI-00271 |
|---|---|

**RELIANCE STANDARD LIFE INSURANCE COMPANY** as **DEFENDANT / RESPONDENT**

**Address**
CHARLES T DENARO
2 COMMERCE SQ STE 1500, 2001 MARKET ST
PHILADELPHIA PA 19103

**Summons**
**CIVIL SUMMONS** issued on **06/11/2021** by way of **LONG ARM STATUTE - SOS**

**SUMMERS, LUANN** as **PLAINTIFF / PETITIONER**

**THORNSBURY, ELIZABETH ANN** as **ATTORNEY FOR PLAINTIFF**

**Address**
MEHR, FAIRBANKS & PETERSON
201 W SHORT ST, SUITE 800
LEXINGTON KY 40507

| Documents | 21-CI-00271 |
|---|---|

**COMPLAINT / PETITION** filed on **06/11/2021**
  *See Image*

**CIVIL CASE COVER SHEET** filed on **06/11/2021**
  *See Image*

| Images | 21-CI-00271 |
|---|---|

**COMPLAINT / PETITION** filed on **06/11/2021**   *Page(s): 6*

**SUMMONS** filed on **06/11/2021**   *Page(s): 1*

**CIVIL CASE COVER SHEET** filed on **06/11/2021**   *Page(s): 1*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **06/11/2021**   *Page(s): 1*

**** End of Case Number : 21-CI-00271 ****

NOT ORIGINAL DOCUMENT
08/24/2021 03:10:12 PM
84382

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

LUANN SUMMERS      PLAINTIFF

vs.      **COMPLAINT**

RELIANCE STANDARD LIFE INSURANCE COMPANY      DEFENDANT

    **To be served through Kentucky Secretary of State:**
    Charles T. Denaro
    Two Commerce Square
    Suite 1500
    2001 Market Street
    Philadelphia, PA 19103-7000

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Luann Summers, and for her Complaint against Defendant Reliance Standard Life Insurance Company, states as follows:

1. Plaintiff, Luann Summers, is, and was at all times relevant to the claims asserted herein, a citizen and resident of Nelson County, Kentucky.

2. Defendant Reliance Standard Life Insurance Company ("RSLI" or "Defendant") is an insurance company believed to be domiciled in the state of Illinois with its statutory home office located at 1100 East Woodfield Road, Two Woodfield Lake, Suite 437, Schaumburg, Illinois 60173.

3. RSLI is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. RSLI can be served through the Kentucky Secretary of State on its service of process agent, Charles T. Denaro, located at Two Commerce Square, Suite 1500, 2001 Market Street, Philadelphia, Pennsylvania 19103-7000.

5. Jurisdiction and venue are proper in this Court because RSLI transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Nelson County, Kentucky. Defendant's breach of its payment obligations took place in Nelson County, where benefits are payable.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Baptist Healthcare System, Inc. ("Baptist Healthcare") employed as a Registered Nurse.

7. Baptist Healthcare established and provided a long-term disability ("LTD") Plan to employees, which includes Plaintiff. The LTD policy number is believed to be LTD 129388.

8. Plaintiff was covered and eligible under the LTD Plan.

9. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The LTD policy is believed to define disability and entitle Plaintiff to receive LTD benefits if Plaintiff meets the following definition:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, you cannot perform the material duties of your Regular Occupation;
>> (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness you are capable of performing the material duties of your Regular Occupation on a part-time basis or some of the material duties on a full-time basis. If you are Partially Disabled you will be considered Totally Disabled, except during the Elimination Period;

2

  (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and

(2) after a Monthly Benefit has been paid for 24 months, you cannot perform the material duties of Any Occupation. We consider you Totally Disabled if due to an Injury or Sickness you are capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD policy.

12. Plaintiff, while working for Baptist Healthcare, became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the LTD policy, and she was unable to return to work as a Registered Nurse for Baptist Healthcare since on or about March 7, 2018, and remains disabled under the terms of the LTD policy.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is 2018-06-13-0384-LTD-02.

14. On November 23, 2018, Plaintiff was deemed disabled by the Social Security Administration. Plaintiff was found to be disabled effective March 6, 2018.

15. In approximately December 2018, Defendant approved Plaintiff's claim for LTD benefits. Plaintiff continued receiving LTD benefits for a period of time.

16. By letter dated July 10, 2019, Defendant denied Plaintiff's claim for LTD benefits under the policy effective July 5, 2019.

17. On January 3, 2020, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

18. On February 6, 2020, Defendant reversed the termination of Plaintiff's benefits and approved Plaintiff's claim.

Filed   Case 3:21-cv-00543-RGJ   Document 1-1   Filed 08/24/21   Page 5 of 7 PageID #: 8
       21-CI-00271   06/11/2021   Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/24/2021 03:10:12 PM
84382

19. Defendant thereafter paid benefits owed to Plaintiff and on April 14, 2020 sent Plaintiff a check comprising two months of benefits.

20. Defendant failed to send any checks beyond April 14, 2020.

21. After Plaintiff inquired, through counsel, as to the status of her benefit checks in July 2020, Defendant informed Plaintiff that her claim had been closed as of June 5, 2020.

22. By letter dated July 21, 2020, Defendant formally denied Plaintiff's claim for LTD benefits beyond June 5, 2020.

23. On July 22, 2020, Plaintiff requested a copy of her file with Defendant. To date, Defendant has failed to produce a copy of Plaintiff's updated claim file in response to the July 22, 2020 request.

24. On December 1, 2020, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

25. In her appeal, Plaintiff submitted additional medical documentation supporting her ongoing disability.

26. By letter dated June 3, 2021, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

27. The June 3, 2021 letter stated that the "claim decision is now final as" Plaintiff has "exhausted any administrative remedies available to her under the terms of the Policy" and Plaintiff "has the right to bring civil action under section 502(a) of the [Employee Retirement Income Security Act of 1974] following an adverse benefit determination on review."

28. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "total disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

Filed 21-CI-00271 06/11/2021 Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/24/2021 03:10:12 PM
84382

29. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

30. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

## COUNT I

31. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

32. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

33. Defendant's decisions to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

34. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

35. Defendant's review processes lacked due process to Plaintiff.

36. Defendant's review processes were biased in favor of Defendant.

37. Defendant's internal reviews are not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

38. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

Filed 21-CI-00271 06/11/2021 Diane Thompson, Nelson Circuit Clerk

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000005 of 000006

WHEREFORE, Plaintiff demands the following relief:

    Judgment against Defendant for full contractual benefits under the applicable policy under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

    Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*